UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CIVIL ACTION NO.:

SECTION:

DIVISION:

KATHY ALLEN
LYNDRITKA ARMSTRONG
DEBRA BUTLER
DONALD BUTLER
JOSHUA DAVIS
WILLA DICKERSON
CALVIN DISMUKE
LARONDA DIXON
TYRA GONZALES
BOBBIE GRIGGS
CONNIE HARVEY
JAMES ISABEL
MACK JOHNSON
JEROME KING
PATRICIA KING
GAYLE MITCHELL
WILLIAM RUSSELL
CATRICE SCOTT
JAVONDA TYSON
VERNA WADE
IRELL WARREN
GERALD WILLIAMS
CHARLES WRIGHT
                              VS.

LOGISICARE SOLUTIONS, LLC, SOUTHEAST TRANS, INC. AND FIRST
TRANSIT, INC.                                                                                       DEFENDANTS

**COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT**
(Diversity: 28 USC §1322)

NOW INTO COURT, through counsel undersigned, come the plaintiffs Kathy

Allen, Lyndritka Armstrong, Debra Butler, Donald Butler, Joshua Davis, Willa

1

Dickerson, Calvin Dismuke, LaRonda Dixon, Tyra Gonzales, Bobbie Griggs, Connie Harvey, James Isabel, Mack Johnson, Albert King, Patricia King, Gayle Mitchell, William Russell, Catrice Scott, Javonda Tyson, Verna Wade, Irell Warren, Gerald Williams, and Charles Wright, all persons of the full age of majority and domiciled in the State of Louisiana , respectfully aver as follows:

## PARTIES

1. All of the plaintiffs are business owners or former business owners of a transportation service. Further, all have been certified as a Medicaid provider to transport medically needy recipients to and from their medical treatment appointments.

2. Made defendants herein are:

    a. LogistiCare Solutions, LLC (hereinafter "LGTC") a limited liability company organized under the laws of the State of Delaware with its principal office in the State of Georgia.

    b. Southeastrans, Inc. (hereinafter "SE") a Georgia Corporation qualified to do, and doing, business in the State of Louisiana, but domiciled in the State of Georgia.

    c. First Transit, Inc. (hereinafter "First Trans") a Delaware corporation which is a subsidiary of a British parent, but domiciled in the State of Delaware.

Each of the defendants is now, or has been under contract with the Louisiana Department of Health and Hospitals and/ or its Bayou Health Program to manage Non-emergency Medical Transportation ("NEMT") under Louisiana's State Plan for Medicaid Services.

## JURISDICTION AND VENUE

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. §1332 because each plaintiff is a resident of a different state (Louisiana) from the defendants' (Georgia and Delaware) and the amount in controversy exceeds the jurisdictional amount required by statute ($75,000.00)

4. Venue is appropriate in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions, actions and inactions upon which the claims are based occurred in the Eastern District of Louisiana. The amount in controversy, without interest, costs or attorney's fees exceeds the amount specified by 28 U.S.C. §1332.

## FACTS

5. Title IX of the Social Security Act and accompanying regulations require that State Medicaid programs …"Will insure necessary transportation for recipients to go to and from providers...".

6. The State of Louisiana fulfills this requirement and claims federal funds by providing transportation as "additional medical assistance" under its State Plan.

7. Under the current official Louisiana State Plan approved by the Federal Government, Louisiana provided non-emergency medical transportation – as mandated by the Federal Government – as an optional medical service

8. Under 42 U.S.C. 1396(a) and §2113 of the HCFA, State Medicaid Manual, when transportation is provided as an optional medical service, it must be provided with the "free choice" rights of recipients, meaning that the recipient client can obtain services from any qualified Medicaid provider chosen by the client.

9. The State of Louisiana enrolls the majority of the state's Medicaid beneficiaries on a mandatory basis into Managed Care Organizations (MCOs) and/or the Bayou Health Program, (now called "Healthy Louisiana".)

10. Each of the five health plans which comprise of "Healthy Louisiana"- Aetna, Amerigroup, AmeriHealth Caritas LA, LA Healthcare Connections, United Health Care ( collectively hereinafter sometimes "MCOs") – subcontract with a "Transportation brokerage" which are entities created to coordinate transportation services for Medicaid recipients; each of the named defendants is a "Transportation broker" now or previously subcontracting with one or more of the five health plans,

11. Each of the subcontracts between defendants and the five health plans named above requires the defendants to "comply with all current state and federal statutes, regulations and administrative procedures that are or become effective during the term of the contract".

12. Each of defendants' subcontracts with plaintiff providers requires defendants "to abide by the laws and regulations of the State of Louisiana…"

13. Louisiana law implies a covenant of good faith and fair dealing in all contracts entered into in the State of Louisiana including those between Plaintiffs and Defendants.

14. Non-emergency medical transportation is a part of Medicare recipients' medical treatment; purposeful deprivation of patient-chosen providers deprives patients of their optimum quality of care and deprives the omitted providers of their just reward for providing quality service and recipient satisfaction.

15. On information and belief, all defendants are required by their contracts with the MCOs to subcontract with a minimum number of qualified transportation providers.

16. In order to attain the requisite number of qualified transportation providers, defendants actively recruit qualified persons and business entities to sign adhesion sub-contracts with the terms dictated and prepared by defendants.

17. Defendants made representations to plaintiffs concerning the amount of trips per month which plaintiffs could reasonably expect in the geographic area which would be assigned to plaintiffs.

18. Defendants represented to plaintiffs that plaintiffs would be able to keep serving the clients with whom plaintiffs had long-standing, continuing relationship.

19. Defendants made representations to plaintiffs that defendants' assignment of trips to plaintiff s would be fair, equitable and based on equally-applied objective factors.

20. Each of the representations described above in the three preceding paragraphs was material, and reasonably relied upon by plaintiffs as part of the cause and consideration for plaintiffs' execution of their contracts.

21. Each of the said representations described above were known, or should have been known, to defendants to have been false at the time of their making and unlikely to be fulfilled by defendants' performance.

## **BREACH OF CONTRACT**

22. Defendants breached the contracts with plaintiffs including, but not limited to the covenant of good faith and fair dealing, in the following non-exclusive actions and omissions:

    a) Not assigning trips properly to plaintiffs

    b) Taking away the amount of trip assigned to Plaintiffs as punishment for making complaints about illegal and unfair practices of defendants

    c) Ignoring the freedom of choice rights of patients by assigning them to providers preferred and favored by defendants even when Plaintiffs were available and despite requests to use Plaintiffs as the patients preferred transportation providers

    d) Failing to pay Plaintiffs proper millage rates;

    e) Failing to count and/or acknowledge the actual mileage covered by Plaintiffs on trips completed by them.

    f) Nonpayment of Plaintiffs at any rate for trips actually made and acknowledged by defendants.

g) Failing to count and/or acknowledge the actual millage covered by Plaintiffs on trips completed by them

h) Unilaterally altering contract terms without Plaintiffs' approval and to Plaintiffs' detriment

i) Giving Plaintiffs procedures to be followed, then failing to acknowledge the oral directions at a later time.

j) Requiring Plaintiffs to resubmit and resubmit repetitive amounts of the same data under threat of losing trips.

k) Scheduling Plaintiffs to make long uncompensated drives in order to take a patient for a short trip.

## DAMAGES

As a direct and proximately foreseeable result of defendants repeated and continuing bad-faith breaches of contract set forth above, plaintiffs have suffered damages in the following non-exclusive respects:

a) Loss of past and present income and/or earning potential

b) General damages including loss of professional reputation, inconvenience and humiliation;

c) Punitive damages to the extent allowed by law;

d) Reasonable attorney's fees and costs of litigation;

e) Legal interest from the date of judicial demand;

WHERFORE PLAINTIFFS PRAY,

That after due proceedings had in accordance with law there be judgment herein in favor of plaintiffs  Kathy Allen, Lyndritka Armstrong, Debra Butler, Donald Butler, Joshua

Davis, Willa Dickerson, Calvin Dismuke, LaRonda Dixon, Tyra Gonzales, Bobbie Griggs, Connie Harvey, James Isabel, Mack Johnson, Albert King, Patricia King, Gayle Mitchell,, William Russell, Catrice Scott, Javonda Tyson, Verna Wade, Irell Warren, Gerald Williams, and Charles Wright and against defendants LogistiCare Solutions, LLC, Southeast Trans Inc., and First Transit, Inc. for compensatory damages, punitive damages and all other legal and equitable relief deemed proper by the court.

Respectfully submitted,


  /s/ Ernest L. Jones
ERNEST L. JONES, 07479
4211 South Claiborne Avenue
New Orleans, Louisiana  70125
504-251-1005; fax 504-246-8158
ejlaw@bellsouth.net

**PLEASE SERVE:**

LogistiCare Solutions, LLC
Through: Solutions, Inc.
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

Southeastrans
Through: Solutions, Inc.
3867 Plaza Tower Dr., 1st floor
Baton Rouge, LA 70816

First Transit, Inc.
Through: C.T. Corporation Systems
3867 Plaza Tower Dr.
Baton Rouge, LA 70816