**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KATHY ALLEN, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-365** |
| **LOGISICARE SOLUTIONS, LLC, ET AL** | **SECTION "B"(4)** |

**ORDER AND REASONS**

Before the court are "LogistiCare Solutions LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Rec. Doc. 11), "Plaintiffs' Opposition to Motion to Dismiss" (Rec. Doc. 19), "LogistiCare Solutions LLC's Reply Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Rec. Doc. 25), "Defendant First Transit, Inc.'s Motion to Dismiss or, Alternatively, for More Definite Statement" (Rec. Doc. 27), "Plaintiffs' Opposition to First Transit's Motion to Dismiss or, Alternatively, for More Definite Statement" (Rec. Doc. 29) and "First Transit, Inc.'s Reply Memorandum in Support of Motion to Dismiss or, Alternatively, for More Definite Statement" (Rec. Doc. 33), For the reasons set forth below, **IT IS ORDERED** that the Defendants' Motions to Dismiss are **GRANTED**.

**FACTS AND PROCEDURAL HISTORY**

Plaintiffs filed the instant suit against LogistiCare Solutions, LLC ("LogistiCare"), Frist Transit, Inc. ("First Transit") and Southeastrans, Inc. (Rec. Doc. 1). Defendants Logisticare and First Transit have filed Motions to Dismiss.

1

LogistiCare and First Transit are brokers of Medicaid transportation in Louisiana (Rec. Doc. 1). The complaint names twenty-three (23) individual plaintiffs and twenty-two (22) Business Entity plaintiffs (Rec. Docs. 1 and 24). Plaintiffs allege that Defendants LogistiCare and First Transit breached their contracts when they used discretion over transportation routes in their roles as brokers facilitating transportation services to Medicaid beneficiaries (Rec. Doc. 1). Plaintiffs allege that in particular the Defendants breached their contracts by (1) not assigning trips properly to Plaintiffs; (2) retributively taking away trips from Plaintiffs after they complained about the Defendants business practices; and (3) ignoring the freedom of choice of patients' rights when selecting transportation providers.

**FACTUAL AND LEGAL FINDINGS**

**A. Defendant LogistiCare's Motion to Dismiss**

Under Federal Rule of Civil Procedure 12 (b)(1) a district court must dismiss a case if it lacks subject matter jurisdiction over a Plaintiff's claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The Court must grant a motion to dismiss for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party who invokes federal court jurisdiction bears

the burden of showing that jurisdiction is proper. *Dow Agrosciences LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003).

"In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats v. HereMac Vof*, 241 F.3d 420, 424; *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

Defendant LogistiCare contends that the individual Plaintiffs do not have standing to bring a lawsuit against it. As this Court has explained "standing is an absolute requirement for federal jurisdiction, and without standing a plaintiff's claim may not proceed." *Mayes v. PTP Invs., LLC*, Case No.:13-5474, 2014 U.S. Dist. LEXIS 70369, at*2 (E.D. La. May 21, 2014). Defendant provides evidence that LogistiCare does not contract with individuals, but only corporate entities (Rec. Doc. 11-1). Plaintiffs cite one declaration from a sole proprietor that contracted with LogistiCare (Rec. Doc. 19-1). However this declaration does not demonstrate that Plaintiffs can establish privity with LogistiCare. There is no indication that the individuals listed in Plaintiffs' complaint have contractual privity with LogistiCare. Given that this relationship is the basis for subject matter jurisdiction, it is Plaintiffs burden to demonstrate the existence

3

of this privity. *Bates*, 332 F.3d at 326. Plaintiffs do not demonstrate this in their opposition or present an alternative source of subject matter jurisdiction. Furthermore, the corporate entities that Plaintiffs added to their complaint do not bestow standing upon the individually named Plaintiffs (Rec. Doc. 24). Under Louisiana law only a corporation, not its members, may sue to recover any damages it has sustained. *Skannal v. Bamburg*, 33 So. 3d 227, 240 (La.App. 2 Cir. 01/27/10). Plaintiffs in their opposition do not provide any citations that will allow them to establish standing for their individual Plaintiffs (Rec. Doc. 19). Plaintiffs ask this Court to deny the motion because this Court should not look at the merits when evaluating a Rule 12 (b)(1) motion (Rec. Doc. 19). Establishing subject matter jurisdiction is a threshold question for this Court and does not rely on a merit based analysis. *Ramming v. United States*, 281 F.3d at 161. This Court finds that Defendant's Motion to Dismiss is appropriate and all claims by individual plaintiffs should be dismissed.

**B. Defendant First Transit's Motion to Dismiss**

As an initial matter, the Courts analysis regarding lack of standing for the individual Plaintiffs against LogistiCare is instructive for First Transit's 12 (b)(1) contentions. This Court lacks subject matter jurisdiction over individual Plaintiffs La'Dette's and Angel's claims against First Transit because there is no contractual privity between these two Plaintiffs and First

4

Transit (Rec. Doc. 27-5). Plaintiffs do not proffer any evidence or cite any authority that establishes subject matter jurisdiction under these circumstances. The individual Plaintiffs La'Dette and Angel and their claims should be dismissed.

The remaining portion of First Transit's motion falls under Rule 12 (b)(6). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982)).

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009))(internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach"

to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

Upon identifying the well-pleaded factual allegations, courts "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id*. at 1950. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

First Transit argues that the plain language of the subcontracts preclude the claims of the added business entity Plaintiffs. "Although courts generally are not permitted to review material outside of the pleadings when deciding a Rule 12(b)(6) motion, the Fifth Circuit has recognized an exception: a court may consider documents attached to a Rule 12(b)(6) motion as part of the pleadings if they are referred to in the complaint and

are central to the plaintiff's claims." *Favors v. Office of Risk Mgmt.,* Case No.: 14-1786, 2015 U.S. Dist. LEXIS 24222, at*6 (E.D. La. Feb. 27, 2015). Here, the subcontracts are appropriate to consider because their terms will determine whether or not the Business Entity Plaintiffs can raise legally cognizable claims for breach of contract.

The Business Entity Plaintiffs breach of contract claims are premised on allegations that Defendants unlawfully used their discretion when assigning and executing transportation routes. (Rec. Doc. 1). However, the Service Planning and Referral process of the subcontract that all Business Entity Plaintiffs have agreed to states:

First Transit shall not be obligated or committed to purchase any specific amount of service(s) from the Provider. First Transit will assign rides to providers as it deems appropriate, in its discretion, to promote the goals of LHC [Louisiana Healthcare Connections Health Plan] and the interests of Eligible Clients. To this end, First Transit reserves the right to discontinue assignments to or services from any provider and to reassign rides to other providers within the provider network. (Rec. Doc. 27-3).

Plaintiffs cannot bring a claim against Defendant First Transit for using its discretion regarding transportation routes if their subcontract provided Defendant with this authority. "A provision of a contract, which is clear and unambiguous and not subject to more than one interpretation, is not open to construction, even if giving effect to its literal terms will work a hardship on one of the parties. *Chemical Constr. Corp. v.*

*Continental Engineering, Ltd.*, 407 F.2d 989, 991 (5th Cir. 1969). Here, the contract is not ambiguous as to what party has discretion over transportation routes. Plaintiff argues that despite these clear and unambiguous terms, these were contracts of adhesion and that First Transit forced them into these agreements. There is no indication that these subcontracts are contracts of adhesion.

The Louisiana Supreme Court has stated "a contract is one of adhesion when either its form, print, or unequal terms call into question the consent of the non-drafting party and it is demonstrated that the contract is unenforceable, due to lack of consent or error, which vitiates consent. Accordingly, even if a contract is standard in form and printed in small font, if it does not call into question the non-drafting party's consent and if it is not demonstrated that the non-drafting party did not consent or his consent is vitiated by error, the contract is not a contract of adhesion." *Aguillard v. Auction Mgmt. Corp.*, 908 So. 2d 1, 10-11 (La. 2005). The controlling provision regarding transportation route discretion was not printed in small font or unclearly or ambiguously written. Plaintiffs attempt to invalidate contractual terms that render their breach of contract claims without merit is not persuasive.

Furthermore, Business Entity Plaintiffs claim that they have a right against First Transit under 42 U.S.C. 1396(a) and "allege that when transportation is provided as an optional medical

service, it must be provided with the 'free choice' rights of recipients, meaning that the recipient client can obtain services from any qualified Medicaid provider chosen by the client." (Rec. Doc. 1). However, Courts have held that Medicaid recipients do not have a right under 42 U.S.C. 1396(a) to choose specific transportation for medical care. *Harris v. James*, 127 F.3d 993, 1011-1012 (11th Cir. 1997). Similarly there is no such right for the Business Entity Plaintiffs, who merely are providers of transportation to Medicaid recipients. Plaintiffs fail to cite any authority that ascribes them such rights under 42 U.S.C. 1396(a). The Business Entity Plaintiffs breach of contract claims and 42 U.S.C. 1396(a) claims should be dismissed against Defendant First Transit.

For the reasons set forth above, **IT IS ORDERED** that Defendant LogistiCare and Defendant First Transit's Motions to Dismiss are **GRANTED**.

New Orleans, Louisiana, this 16th day of August, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE